UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHNATHON EXUM, ISR 17-01-0086 | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-1163-SEB-MJD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Johnathon Exum for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 17-01-0086. For the reasons explained in this entry, Mr. Exum's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of credit-earning class without due process. *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On January 18, 2017, Lt. C. Conlon wrote a Report of Conduct in case IYC 13-10-0145 charging Mr. Exum with possession of a deadly weapon. The conduct report states:

On 1-18-17 I Lt. Conlon was shaking down Offender Exum #137013 cell with Officer Davis at which time I took off the mirror off from the wall and found a blade taped to the wall.

Dkt. 12-1.

On January 18, 2017, Officer Davis provided the following statement:

On 1/18/17 I OFC D. Davis did witness Lt. Conlon find the razor blade taped up behind the mirror of offender Exum, Jonathon#137013 10.2B hch [the locations of Exum's cell] in his cell.

Dkt. 12-3.

On February 1, 2017, Mr. Exum was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and one was appointed. He also requested Lt. Simone as a witness. This request was denied because Lt. Simone was not present at the shakedown. Mr. Exum requested the cell inspection sheet for his cell, video footage of the mirror being taken off the wall, and video reviewed from the day he moved into the cell. These requests were denied because shakedowns are not videoed, and the cell inspection sheet does not mention a mirror Dkt. 12-2. He was granted a video review from the time of the shakedown rather that a video of the day he moved into the cell.[1]

After two postponements, the hearing officer conducted a disciplinary hearing in case ISR 17-01-0086, on February 14, 2018, and found Mr. Exum guilty of the charge of possession of a deadly weapon. In making this determination, the hearing officer considered the staff reports, the evidence from witnesses, and the evidence card with pictures.

The hearing officer provided the following summary of the video:

The video was reviewed. I M Stamper did the video review. I did witness offender Exum #137013 being escorted off range by e-squad. However, I cannot confirm anything that is going on inside the cell from the video review.

---

[1] This video was recorded from the outside of Mr. Exum's cell.

Dkt. 12-2.

Based on the hearing officer's recommendations the following sanctions were imposed: a written reprimand, six (6) months disciplinary segregation, and a demotion from credit class 1 to credit class 2. The hearing officer recommended the sanctions because of seriousness of the offense, the degree to which the violation disputed/endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior. Dkt. 12-3.

Mr. Exum appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

### C. Analysis

Mr. Exum is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) he was denied the right to present exculpatory evidence in his defense; and, 2) he was denied evidence in violation of the Disciplinary Code for Adult Offenders.

First, Mr. Exum argues he was denied the right to present exculpatory evidence in his defense. A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996).

Mr. Exum claims that he was denied evidence, but the expanded record shows otherwise and shows that although he was not permitted to watch the security video he was permitted to read a summary of what was depicted there. Moreover, Mr. Exum was only denied his request for evidence that either did not exist (video of the shakedown and video of the day he moved into that cell) or was not relevant to his charges (Lt. Simone as a witness because he was not present during the shakedown).

Moreover, Mr. Exum does not identify other evidence he was denied or assert how this evidence would have been exculpatory. The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011). Mr. Exum made no claims about how any of the alleged evidence he was denied could have aided his defense. As such, Mr. Exum's claim is without merit and he is not entitled to relief.

Second, Mr. Exum alleges he was denied evidence in violation of the Disciplinary Code for Adult Offenders ("Policy"). As stated above, Mr. Exum's claim that he was denied evidence in violation of the protections of *Wolff* is without merit. Moreover, the claim that prison authorities failed to follow various policies before and during the challenged disciplinary proceeding is summarily dismissed as insufficient to support the relief sought by the petitioner. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws,

or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). This claim is without merit and Mr. Exum is not entitled to relief.

## D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Exum to the relief he seeks. Accordingly, Mr. Exum's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 2/20/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHNATHAN EXUM
137013
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov